UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

EDWARD JONES, et al., Plaintiffs,

vs.

CITY OF LOS ANGELES, et al., Defendants.

No. CV 03-1142 R

TRANSCRIPT OF PROCEEDINGS

THE HONORABLE MANUEL L. REAL, U.S. DISTRICT JUDGE PRESIDING

LOS ANGELES, CALIFORNIA

DECEMBER 8, 2008

MOTION HEARING

BRIDGET R. MONTERO CSR 10020, CRR
United States Courthouse
312 North Spring Street, Room 435
Los Angeles, California 90012
(213)894-0134
bridgetmontero@yahoo.com
Internal File No. 08113, #6

APPEARANCES OF COUNSEL:

For the Plaintiffs:

Law Office of Carol A. Sobel
BY: CAROL A. SOBEL
429 Santa Monica Boulevard
Santa Monica, CA 90401

For the Defendants:

Office of the City Attorney
BY: KELLY N. KADES
BY: CORY M. BRENTE
600 City Hall East
200 North Main Street
Los Angeles, CA 90012

- - - - -

MONDAY, DECEMBER 8, 2008; 10:47 A.M.

- - - - -

THE CLERK: Item No. 6, CV 03-1142, Edward Jones, et al. v. City of Los Angeles, et al.

Counsel, your appearances, please.

MS. SOBEL: Good morning, Your Honor. Carol Sobel on behalf of the plaintiffs.

MS. KADES: Good morning, Your Honor. Kelly Kades and Cory Brente on behalf of defendants.

THE COURT: Counsel have anything to add to the documents which have now been filed?

MS. SOBEL: No, Your Honor, not on behalf of plaintiffs.

MS. KADES: Yes, Your Honor. I just have some brief arguments that I wanted to make.

First, with regard to the timeliness of this motion, plaintiffs waited for about a year before they brought this motion after the case was transferred back to the district court from the Ninth Circuit, and we believe that should be considered in the Court's granting or denying the motion.

Second, all of plaintiffs' arguments regarding their entitlement to fees under state law should be stricken as all of plaintiffs' state law claims were abandoned and

never pursued in the district court level or on appeal.

And, finally, plaintiffs under federal law are not the prevailing party in this case. They claim that they were the victors here, but there was never a victory obtained as defendants won summary judgment in the district court on appeal. Plaintiffs' injunctive relief from the Ninth Circuit was dissolved and undone when the defendants filed a petition for rehearing en banc in the Ninth Circuit, and before determination was made by the Ninth Circuit the case settled.

The settlement agreement consequently vacated any findings made by the Ninth Circuit, required plaintiffs to move to dismiss in the district court, which they never did, and put the parties back into their initial positions.

Therefore their arguments that they had obtained a victory in this case should be disregarded in the court as they're not the prevailing party, and for those reasons we believe their motion should be denied in its entirety.

THE COURT: How long after the appeal did they file the attorneys' fees claim?

MS. KADES: They filed it -- I believe it was a year.

THE COURT: After the appellate court?

MS. KADES: After the appellate court transferred the case back to the district court, yes.

THE COURT: And judgment entered in the district court. How long after that did they file the attorneys' fees?

MS. KADES: I'm not particularly sure about that, Your Honor. I would have to look at the papers.

THE COURT: All right.

MS. SOBEL: Your Honor, I think I can answer the Court's question. The judgment never entered in the district court because the presiding officer had -- was deceased and died almost immediately after the settlement agreement was reached, with the Ninth Circuit's approval, so we had to move to reopen the case and to transfer it.

But the defendants have made all these arguments in their papers and --

THE COURT: Judgment was then entered here?

MS. SOBEL: Pardon?

THE COURT: Judgment was then entered here?

MS. SOBEL: By Your Honor.

THE COURT: After the matter was transferred here, yes.

MS. SOBEL: Yes, Your Honor.

And at that time we -- the Court also -- we moved to reopen and to set the matter for attorneys' fees, and the Court did that immediately.

THE COURT: All right. Okay.

All right. And how much of the claim of attorneys' fees are state law claims?

MS. SOBEL: The state law claim and the federal claim in this case were identical, Your Honor. They are -- there is an analogous state constitutional claim. There was no difference between the two.

THE COURT: All right. The attorneys' fees as prayed, each are granted and -- but there be no additive.

MS. SOBEL: Your Honor, I have the number for the Court.

THE COURT: Okay. What's the number?

MS. SOBEL: With the added time we saw on the reply, the number is $697,413, and there's $7,046 in costs.

THE COURT: Seven thousand --

MS. SOBEL: -- forty-six.

THE COURT: All right. With that, the order is signed.

MS. SOBEL: Thank you, Your Honor.

THE COURT: All right.

MS. KADES: Thank you, Your Honor.

THE COURT: We'll be in recess.

Good job, Ms. Sobel.

MS. SOBEL: Thank you, Your Honor.

(Proceedings concluded at 10:54 a.m.)

# C E R T I F I C A T E

I hereby certify that the foregoing is a true and correct transcript from the stenographic record of the proceedings in the foregoing matter.

________________________________

Bridget R. Montero
Official Court Reporter
CSR No. 10020

Date: December 31, 2009