Carol A. Sobel SBN 84483
Law Office of Carol A. Sobel
429 Santa Monica Boulevard, Suite 550
Santa Monica, CA 90401
t. 310 393-3055   f. 310 393-3605
e. carolsobel@aol.com

Hector Villagra
Mark D. Rosenbaum
Peter J. Eliasberg
ACLU Foundation of Southern California
1313 W. 7th Street
Los Angeles, CA
t. 213 977-9500 f.
e. mrosenbaum@aclu-sc.org
e. peliasberg@aclu-sc.org

Attorneys for Plaintiffs

JS - 6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| EDWARD JONES, et al., | Case No: cv 03-1142 R (RBNx) |
| Plaintiffs, | ORDER RE ATTORNEY FEES |
| v. | Date: none |
| | Time: none |
| CITY OF LOS ANGELES, et al., | Ctrm: 8 (Hon. Manuel Real) |
| Defendants. / | |

1

On May 2, 2011, pursuant to the mandate issued by the Ninth Circuit on January 28, 2011, the Court held a hearing on a revised order granting plaintiffs' motion for attorney fees in this action. After review of the proposed order submitted by the plaintiffs and the objections to the order submitted by the defendant, the Court now issues the following order.

Plaintiff is the prevailing party under federal law and is entitled to fees pursuant to 42 United States Code Section 1988. A plaintiff is the prevailing party when the plaintiff achieves some material alteration to the legal relationship of the parties and that change is judicially notices. *P.N. v. Seattle School District*, 474 F.3d 1165 (9th Cir. 2007). In *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Circuit 2002), the Ninth Circuit held that a plaintiff is the prevailing party and is entitled to attorneys' fees when the plaintiff enters into a legally enforceable settlement agreement that contains sufficient judicial oversight. Here, the settlement agreement altered defendant's obligations in regard to the challenge to the City Ordinance,which changes the legal obligations between the parties as plaintiffs were able to force defendant to do something it otherwise would not be required to do.

Moreover, there is sufficient judicial oversight provided for in the agreement and various orders issued by the Ninth Circuit in this case. Defendant is incorrect in its assertion that the settlement agreement is merely a private agreement in which the court did not retain jurisdiction over fees. Although the agreement provides in paragraph 8 that the parties "reserve all rights regarding the recovery of attorneys' fees," the Court clearly retained jurisdiction to resolve the issue.

The Ninth Circuit issued an order on October 15, 2007, indicating that the parties settled this action that the case would be remanded to the district court for further proceedings. The Ninth Circuit issued another order on November 13, 2007, transferring the case to the district court "for consideration of entitlement and the amount of attorneys fees. The parties filed a joint status report on September 15, 2008, in which the parties agreed that the sole issue to be determined was the

entitlement to and the amount of fees. As such, defendant is incorrect in asserting that there is no judicial oversight over the fees. The distinction between the agreement's use of the phrase "reserve all rights" as opposed to "retain jurisdiction" over the attorneys fees is immaterial. What is important is that the parties expressly agreed to preserve subsequent litigation over attorneys fees, and the Ninth Circuit clearly intended that this Court resolve the issue upon remand, thus providing the necessary judicial imprimatur for fees.

Next, plaintiffs are also the prevailing party under state law and satisfy the requirements for fees pursuant to California Code of Civil Procedure section 1021.5. The Court agrees with plaintiffs' analysis that the case served to vindicate an important public right, conferring a significant benefit on the general public and was necessary and imposed a financial burden on plaintiffs which was out of proportion to their individual stake in the matter. *See Riverwatch v. County of San Diego Department of Environmental Health*, 175 Cal.App.4th 768 (2009). The fact that the plaintiffs did not pursue the state claim in the summary judgment that was granted in defendant's favor in the trial court is not dispositive. Rather, "whether or not a party is successful depends upon whether the underlying action contributed substantially to remedying the conditions at which it was directed. The critical fact establishing the propriety of an award is the impact of the action, not the manner of its resolution." *Planned Parenthood v. Aakhus*, 14 Cal.App.4th 162 (1993).

The settlement agreement provides for almost all the relief which the plaintiffs sought, and the plaintiffs' complaint included a state law claim. As such, fees are appropriate under section 1021.5.

In deciding the amount of fees to be awarded, the Court must first set the lodestar figure, which the Court has applied in this matter, which is measured by multiplying the number of hours fairly expended on the litigation by reasonable hourly rates in the relevant legal market. *See Hensley v. Eckerhart,* 481 U.S. 424 (1983). The lodestar is presumed to be reasonable. *See Quesada v. Thomason*, 850 F.2d 357 (9th

Cir. 1988).

The general rule is that a prevailing party is entitled to fees at the current market rate. *See Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992). The Court notes, however, that plaintiffs seek compensation at the same 2008 rates used in the original fee motion. Plaintiffs seek fees for the following individuals listed in the submission to the Court:

Attorney Richard Larson of the ACLU at $725.00 for 14.5 hours;

Attorney Mark D. Rosenbaum of the ACLU, 1974 graduate, $725 an hour for a total of 278 hours;

Attorney Carol Sobel at the Sobel firm for $695 per hour for 461.5 hours;

Attorney Peter Eliasberg of the ACLU at $490 an hour for 11.4 hours;

Attorney Yvonne Simon of the Sobel law firm at $480 an hour for 71.8 hours;

Attorney Catherine Lhamon of the ACLU at $455 an hour for 61.8 hours;

Attorney Ahilan Arulanantham of the ACLU at $400 an hour for 14.4 hours;

Attorney Ben Wizner of the ACLU at $380 an hour for 112.5 hours;

Attorney Negin Mirmarani of the Loeb law firm at $425 an hour for 21 hours;

Attorney Wyeth McAdam of the Sobel firm at $390 an hour for 17.2 hours;

Attorney David Saldana of the Sobel firm at $380 an hour at 16.3 hours;

Attorney Adam Wolfe of the ACLU at $365 an hour for 31 hours;

Law students, all at $200 an hour:

Leah Greenwald of the Sobel firm for 29.1 hours;

Jina Tedmori of the Sobel firm for 18.2 hours;

Jennifer Stark of the ACLU for 31 hours;

Stewart Allen of the ACLU for 18.4 hours.

Paralegal Joyce Bradberg of the ACLU at $175 an hour for 11.8 hours.

The Court believes that the hourly charges are at least reasonable under the circumstances of the experience of the particular lawyers who -- and students who have participated in this

matter.

Accordingly, the Court enters judgment for the plaintiffs in the amount of $697,413.00.

Dated: June 24, 2011

UNITED STATES DISTRICT JUDGE

Lodged by:

ACLU FOUNDATION OF SO. CALIF.
LAW OFFICE OF CAROL A. SOBEL

By: CAROL A. SOBEL
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were served with the foregoing document this date by the Court's electronic court filing ("ECF") system.

Dated: June 15, 2011

      /s/
CAROL A. SOBEL